J-S53019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOWARD LINDSEY, R.C. WESTMORELAND, HOME INCOME EQUITY, LLC AND STRATEGIC PROPERTY TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD KNABB, THE KNABB PARTNERSHIP AND E.J. MESSERSMITH | |
| Appellants | No. 288 EDA 2017 |

Appeal from the Order Entered December 28, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 16-981

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:  **FILED OCTOBER 12, 2017**

Appellants, Ronald Knabb, the Knabb Partnership, and E.J. Messersmith (hereinafter referred to collectively as "Appellants"), appeal from the order entered on December 28, 2016, denying a motion for sanctions pursuant to Pa.R.C.P. 1042.9(b) filed by Howard Lindsey, R.C. Westmoreland, Home Income Equity, LLC, and Strategic Property Trust (hereinafter referred to collectively as "Plaintiffs").  We affirm.

The trial court set forth the facts of this case as follows:

[Plaintiffs] filed a complaint containing twenty-eight (28) counts on February 6, 2016.  Howard Lindsey was a plaintiff in his individual capacity, as a partner, president and treasurer of Home Income Equity, LLC, and as the manager with the controlling interest in Strategic Property Trust.  R.C. Westmoreland was a plaintiff in his capacity as the partner, secretary and general counsel of Home Income Equity, LLC.

Home Income Equity, LLC, a Delaware limited liability company, was also a plaintiff. Strategic Property Trust, LLC, another plaintiff, was the purported manager of Home Income Equity, LLC. Ronald Knabb was a defendant, as an individual, as a partner in Home Income Equity, LLC, as an architect licensed in the Commonwealth of Pennsylvania and [as] a partner of the Knabb Partnership. Defendant Knabb Partnership was a partnership engaged in the business of architecture in Berwyn, Pennsylvania and Defendant E.J. Messersmith was a partner in the Knabb Partnership. [The defendants in the underlying lawsuit are Appellants herein.]

[Plaintiffs] claimed that [Appellants] were the owners of a proposed construction project known as the Brookhaven Active Adult Community, or Brookhaven Estates, to be built in Brookhaven, Delaware County, Pennsylvania. In eight separate counts, [Plaintiffs] pled an action of professional liability negligence against Ronald Knabb or the Knabb Partnership. In eight additional counts, [Plaintiffs] filed for relief for breach of fiduciary duty, self-dealing, and conflict of interest against Ronald Knabb or the Knabb Partnership. Eight additional counts containing allegations of fraud were pled by [Plaintiffs] against Ronald Knabb or the Knabb Partnership. The four remaining counts were against E.J. Messersmith, individually.

[Plaintiffs] averred that, between 2007 and October 29, 2015, [Plaintiffs] and [Appellants] had a business relationship wherein [Appellants] were to render architectural services to [Plaintiffs]. A contract identified as "AIA document B141-1997 part one," dated September 26, 2008, was allegedly executed by Howard Plaintiffs and E.J. Messersmith as partner for architectural services for the project. [Plaintiffs] claimed that the signature of Howard Lindsey was forged and that the contract was invalid and unenforceable. [Plaintiffs] alleged that Knabb and the Knabb Partnership failed to exercise ordinary care, possessed by members of the architectural profession[,] by enumerated acts and omissions. [Plaintiffs] further alleged that Knabb and the Knabb Partnership deliberately, willfully and knowingly engaged in unethical business practices to the detriment of [Plaintiffs]. Finally, [Plaintiffs] averred that [E.J.] Messersmith breached duties owed to the partnership for failing to be present when [Howard] Lindsey signed the AIA document, and/or by failing to verify that Lindsey signed the document, and/or for not refusing to sign the AIA document as a witness.

[The] complaint was served on [Appellants] on February 17, 201[6]. [Plaintiffs] filed a petition for [a] preliminary and permanent injunction on March 2, 2016, seeking equitable relief to prevent [Appellants] from proceeding with common-law arbitration concerning the AIA contract before the American Arbitration Association. Counsel for [Appellants] entered his appearance on March 1, 2016, and filed a notice of intention to enter judgment of *non pros* for failure to file a certificate of merit pursuant to Pa.R.C.P. 1042.3. The notice provided that the professional liability counts, Counts 1, 5, 8, 12, 15, 19, 22, and 26, of [Plaintiffs] complaint would be striken. [Appellants] filed a response to the petition for preliminary injunction on March 15, 2016.

[The trial] court scheduled a hearing on [Plaintiffs'] petition for [a] preliminary and permanent injunction on Thursday, March 17, 2016. [Plaintiffs] filed a certificate of merit on April 4, 2016. A lengthy conference was held on that date by the [trial] court with counsel for the parties. The issue at hand was the validity of the arbitration clause contained in the AIA document. There was no discussion with the [trial] court about the certificate of merit or the professional negligence claims during the conference. As a result of the conference with the parties, the hearing was adjourned and the [trial] court conducted an in-camera inspection of the original AIA contracts for the parties on March 22, 2016. [The trial] court conducted a status and settlement conference with the parties on April 8, 2016. An order which stayed the American Arbitration Association proceeding pending a hearing was entered on April 11, 2016. Testimony was commenced on May 27, 2016. The subject matter of the hearing did not include consideration of the certificate of merit of the professional negligence claims. The subject matter was the validity and applicability of the arbitration clause contained in the AIA document. At the conclusion of the proceedings, [the trial] court ordered [Plaintiffs] to provide full and complete and verified responses to [Appellants'] request for the production of documents, on or before June 13, 2016, and a final hearing date to conclude the proceeding was scheduled for June 20, 2016.

On June 10, 2016, [Plaintiffs] filed a praecipe to discontinue the action without prejudice. On August 3, 2016, [Appellants] filed a motion for sanctions pursuant to Pa.R.C.P. 1042.9(b).

[Plaintiffs] responded on August 23, 2016. [Appellants], on September 9, 2016, filed a motion to strike and reply to [Plaintiffs'] response in opposition to [Appellants'] motion for sanctions. [The trial] court conducted argument on [Appellants'] motion for sanctions and motion to strike on November 21, 2016. On November 28, 2016, [the trial] court entered an order which found that [Plaintiffs] failed to fully comply with Pa.R.C.P. 1042.9, but declined to award sanctions. [Appellants], on December 15, 2016, filed a motion for reconsideration of the [trial] court's November 28, 2016 order. On December 22, 2016, [the trial] court entered an order which: 1) granted [Appellants'] motion for reconsideration; 2) vacated its November 28, 2016 order; 3) granted [Appellants'] motion to strike exhibits P-1 through P-5 attached to [Plaintiffs'] response in opposition to [Appellants'] motion for sanctions; and 4) found that [Plaintiffs] failed to comply with Pa.R.C.P. § 1042.9. However, [the trial] court, again, declined to award sanctions pursuant to Pa.R.C.P. 1042.9(b).

Trial Court Opinion, 3/9/2017, at 2-6 (record citations and superfluous capitalization omitted). This timely appeal resulted.[1]

On appeal, Appellants present the following issues for our review:

1. Did the trial court commit an error of law and/or abuse its discretion by refusing to award sanctions to Appellants despite finding that [Plaintiffs] violated the Pennsylvania Rules of Civil Procedure pertaining to certificates of merit (Pa.R.C.P. 1042.1, *et seq*.)?

2. Did the trial court commit an error of law and/or abuse its discretion in failing to address whether [Plaintiffs'] counsel, Vito Canuso, Esq., violated Pa.R.C.P. 1023.1 on two occasions by signing and submitting to the court separate certificates of

_____

[1] Appellants filed a notice of appeal on January 11, 2017. On January 18, 2017, the trial court issued an order directing Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 13, 2017.

merit as to the Knabb Partnership and Ronald Knabb, wherein Canuso stated that he had obtained the requisite written statement from an appropriately licensed professional required pursuant to Pa.R.C.P. 1023.3, when, in fact, Canuso had not?

3. Did the trial court commit an error of law and/or abuse its discretion in not awarding sanctions against Canuso where the record clearly indicates that Canuso violated Pa.R.C.P. 1023.1 on two occasions by signing and submitting to the court separate certificates of merit as to the Knabb Partnership and Ronald Knabb, explicitly stating that he had obtained the requisite written statement from an appropriately licensed professional required pursuant to Pa.R.C.P. 1042.3, when, in fact, Canuso had not?

Appellants' Brief at 5 (superfluous capitalization and suggested answers omitted).

All of Appellants' issues are interrelated, so we will examine them together. Appellants' overarching argument is that the trial court abused its discretion by denying sanctions for a violation of the certificate of merit requirements in a professional liability cause of action. Appellants argue that professional malpractice cases require a certificate of merit stating that an appropriate licensed professional or expert has supplied a written statement that the defendant's conduct fell outside acceptable professional standards. *Id.* at 23. Appellants posit that our rules of civil procedure also require the plaintiff to furnish the licensed professional's written statement within 30 days of a defendant's request. *Id.*, *citing* Pa.R.C.P. 1042.9(a). Here, however, Appellants claim that Plaintiffs "neglected to answer or provide the written statement[s] despite [] two written requests by Appellants." Appellants' Brief at 29. Citing various cases from trial courts

across the Commonwealth, Appellants contend that the certificate of merit requirements are strictly enforced and that significant sanctions have been awarded for any violations. *Id.* at 24. According to Appellants, Plaintiffs violated Pa.R.C.P. 1042.3(a)(1) on two occasions by misrepresenting that they had obtained written statements from an appropriately licensed professional to proceed with their professional negligence claims. *Id.* at 26-27. Accordingly, Appellants maintain that "the [trial c]ourt's denial of sanctions is particularly troubling in light of the fact that the in-court hearing solidified the notion that the deception perpetuated by [Plaintiffs] was willful and pervasive throughout the entirety of the litigation, and that there were no mitigating circumstances present to deny such award." *Id.* at 30. Appellants aver that the trial court's decision to deny sanctions "essentially eviscerate[d]" Rule 1042.3, and that "the instant matter is a situation where to protect the integrity of the Rules[,] the discretionary language regarding sanctions (*i.e.* "may award") must be interpreted as mandatory and not permissive." *Id.* at 31-32.

To substantiate their claims, Appellants opine that the trial court misapplied a five-factor test for determining whether to award sanctions. *Id.* at 34-37. More specifically, Appellants claim that the trial court failed to consider the nature, severity, and number of violations, the reason for non-compliance, whether the violation was willful, the ability to cure the violation, and the prejudice to Appellants. *Id.* Finally, Appellants contend

that counsel for Plaintiffs materially misrepresented that he had obtained the required certificates of merit in violation of Pa.R.C.P. 1023.1. *Id.* at 37-39.

"The decision to sanction a party is a matter vested in the sound discretion of the trial court." *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 139 (Pa. Super. 1997) (citation omitted). "Where sanctions have been denied, we review the evidence to determine whether the court abused its discretion." *Id.* We have previously determined:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Eichman v. McKeon*, 824 A.2d 305, 312 (Pa. Super. 2003) (citation omitted). "Additionally, where credibility and the weight to be accorded the evidence are at issue, we will not substitute our judgment for that of the fact-finder." *Id.*

In pertinent part, Pennsylvania Rule of Civil Procedure 1042.3(a) requires the attorney for a plaintiff in any action alleging professional liability to file a certificate of merit that specifies:

> an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about the harm[.]

Pa.R.C.P. 1042(a)(1).

Sanctions are governed by Pa.R.C.P. 1042.9, which provides:

(a) If a plaintiff has filed a certificate of merit as to a particular defendant and that defendant is dismissed from the case through voluntary dismissal, verdict or order of court, the plaintiff, within thirty days of the written request of that defendant, shall provide him or her with the written statement obtained from the licensed professional upon which the certificate of merit as to that defendant was based. If a plaintiff's claims against other licensed professionals are still pending, the written statement shall be produced within thirty days of resolution of all claims against the other licensed professionals.

(b) **A court may impose appropriate sanctions**, including sanctions provided for in Rule 1023.4, if the court determines that an attorney violated Rule 1042.3(a)(1) and (2) by improperly certifying that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge experienced or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Pa.R.C.P. 1042.9 (note omitted; emphasis supplied).

We previously determined:

The Pennsylvania Rules of Civil Procedure, promulgated by our Supreme Court, provide for rules of construction. Pa.R.C.P. 51-153. Overall, "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). However, the "rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. Additionally, Pa.R.C.P. 103 ("Words and Phrases") indicates that "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage...." Pa.R.C.P. 103(a). Moreover, "[e]very rule shall be construed, if possible, to give

- 8 -

effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b).

*Vogelsberger v. Magee-Womens Hosp. of UPMC Health System*, 903 A.2d 540, 550 (Pa. Super. 2006). "Generally, a discretionary interpretation is conferred upon the words 'may' and 'should,' whereas a mandatory interpretation is usually conferred upon the word 'shall.'" *Commonwealth v. Davis*, 894 A.2d 151, 154 (Pa. Super. 2006).

Moreover, in deciding whether sanctions are warranted, the trial court must consider the following factors: the number, nature, and severity of the violations, the defaulting party's willfulness or bad faith, prejudice to the opposing party, and the ability to cure the prejudice. *See City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)*, 985 A.2d 1259, 1270 (Pa. 2009).

Initially, we reject Appellants' suggestion that our Rules of Civil Procedure required the trial court to impose sanctions. Rule 1042.9 states that a "court **may** impose appropriate sanctions[.]" Pa.R.C.P. 1042.9(b) (emphasis supplied). A plain reading of the term "may" shows intent to give the trial court discretion to decide whether to impose sanctions. Appellants' contention that sanctions are mandatory would eviscerate the rule and would render meaningless the multi-faceted test to determine whether sanctions are warranted. Moreover, to the extent that Appellants argue that the violations committed herein were more egregious than violations in other decisions from the Courts of Common Pleas, we reiterate

that, "trial court decisions are not binding upon the Superior Court."

***Echeverria v. Holley***, 142 A.3d 29, 36 (Pa. Super. 2016).

Here, in denying sanctions, the trial court determined:

First, [the trial court] acknowledges the violation of Rule 1042.9 and [Plaintiffs'] failure to provide an adequate excuse, and, as such, noted the violation in its December 22, 2016 [o]rder. [Plaintiffs] argued that they had other written statements to support the [c]ertificate of [m]erit (these were not admitted by [the trial court]), but [Plaintiffs'] argument only proved their unfamiliarity with the requirements of Pa.R.C.P. 1042.3 and 1042.9 and did not prove substantial compliance.

Next, it must be noted that the issue that was litigated before [the trial court] had nothing to do with the professional negligence counts. The stage of litigation in this matter was such that [Appellants] had yet [to file] an answer to [Plaintiffs'] [c]omplaint. All matters before the [trial court], including conferences and the hearing, did not concern the professional negligence of [Appellants]. Rather, the [p]etition for [i]njunction, which was scheduled to conclude ten days following the voluntary withdrawal of the action by [Plaintiffs], did not concern the professional negligence claims and no time was spent with the [trial court] on those matters. In addition, while [Appellants] would have had to notify their insurance carriers of the professional negligence claim, they would have also notified their carriers of the other counts in the complaint. Again, the matters before the [trial court] concerned the AIA document and the validity and applicability of the arbitration clause and the conferences before [the trial court] concerned the same.

It was apparent to [the trial court] through its dealings and conversations with counsel that the parties involved have great animosity toward one another and that both sides sought to attack the other through the legal system. However, [the trial court] did not accept the argument by [Appellants] that the failure to comply with Pa.R.C.P. 1042.9 was willful and that the litigation was 'fake' litigation. [The trial court] sat through lengthy conferences where it was clear that this was not [Plaintiffs'] intent and where settlement was sought by both sides. The argument on the [m]otion for [s]anctions and the

- 10 -

dealings that [the trial court] had with counsel for both sides, led [the trial court] to believe that [Plaintiffs'] counsel may have been overly zealous in adding professional negligence claims in what was substantially a contract [dispute] case without the legal expertise to raise such a claim in compliance with Pa.R.C.P. 1042.3. However, [the trial court] did not conclude from the circumstances that the act was done with knowledge that the claim was not supportable or to bring 'fake litigation.'

Lastly, [Plaintiffs] did not withdraw their complaint with prejudice. [The trial court was] unaware of any previous non-compliance with the subject rule with [Plaintiffs'] counsel. Should [Plaintiffs] try to refile their professional negligence claim against [Appellants] in this matter, strict compliance with Pa.R.C.P. 1042.3 would be required [] and no further violations would be tolerated without the imposition of sanctions. Finding [Plaintiffs] in violation of the rule, without additional sanctions, should prove to be effective to deter any further noncompliance.

Trial Court Opinion, 3/13/2017, at 9-11.

Based upon our standard of review and a review of the certified, we find no abuse of discretion in the trial court's assessment. The trial court, in deciding whether sanctions were warranted, fully considered the abovementioned factors. The trial court determined that Plaintiffs, while overzealous in bringing the professional liability claim against Appellants, did not act willfully or in bad faith. The trial court made its decision after having multiple conferences with the parties. We will not usurp the trial court's credibility determination. Moreover, the trial court concluded there was minimal prejudice to Appellants because Plaintiffs withdrew the complaint without prejudice approximately four months after instituting it. Furthermore, the parties' early arguments were all centered on whether the parties were subject to binding arbitration and did not touch upon Plaintiffs'

professional negligence claim at all. The trial court further noted that counsel for Plaintiffs had not engaged in dilatory conduct pertaining to certificates of merit in the past. Because the case was discontinued, the trial court crafted a future remedy in case of potential noncompliance with the certificate of merit requirements. The trial court carefully examined the factors for determining whether to impose sanctions and concluded they were not warranted. We discern no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017