J-S27044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELIZETH JUAREZ, OSCAR PEREZ, KEVIN PORQUILLO, JOAQUIN PORQUILLO, SHELLEY ROJAS, ANGEL ROMAN, JULIO JOYA, JANE ROE, JANET ROE AND JOHN DOE | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| | : | No. 417 EDA 2025 |
| v. | : : | |
| | : | |
| JINJING WANG | : | |

Appeal from the Order Entered January 29, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230303594

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 3, 2025**

Elizeth Juarez, Oscar Perez, Kevin Porquillo, Joaquin Porquillo, Shelley Rojas, Angel Roman, Julio Joya, Jane Roe, Janet Roe, and John Doe (collectively "Appellants") appeal from the January 29, 2025 order granting the motion for summary judgment filed by Appellee, Jinjing Wang, and dismissing Appellants' amended complaint. After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> On or around 4:00 AM on March 19, 2023, a fire broke out in the row home in which [Appellants] reside — a property owned by [Appellee]. At all relevant times, ten (10) people were present in the premises — a

_____

[*] Former Justice specially assigned to the Superior Court.

three (3) bedroom, two (2) story row home in South Philadelphia. No lease establishing a landlord-tenant relationship has been produced for the record, though a lease is referenced in [Appellant] Elizeth Juarez's supplemental answers to [Appellee's] interrogatories of September 14, 2023.

[Appellants] aver "severe and horrific physical, emotional, and psychological harm" stemming from the fire. In support of their claims, [Appellants] state that a firefighter made statements to [Appellants] after the fire suggesting that the fire started in the basement from the fuse box and spread to the rest of the premises. In further support of their claims, [Appellants] have put forth a report of fire alarm produced by the Philadelphia Fire Department. Additionally, and in further support of their claims, [Appellants] state that prior to the fire, on February 26, 2023, [Appellant] Elizeth Juarez notified [Appellee] or her agents via text messaging that the premises required electrical repairs. [Appellants] also cite to various interrogatories in support of their claims.

The record reveals that [Appellants] have not put forth a liability expert…[.]

Trial court memorandum opinion, 1/29/25 at 1-2 (citations and extraneous capitalization omitted).

The procedural history of this case, as gleaned from the trial court opinion, is as follows:

On August 21, 2023, [Appellants] filed the operative amended complaint, alleging negligence, negligent infliction of emotional distress, and loss of consortium claims. On January 25, 2024, [Appellee] filed an answer with new matter to [Appellants'] amended complaint. On March 15, 2024, [Appellants] filed a reply to new matter.

> On August 13, 2024, the parties stipulated to the withdrawal of [Appellants'] claim for loss of consortium. On December 2, 2024, [Appellee] filed the instant motion for summary judgment seeking dismissal of all of [Appellants'] claims. On December 9, 2024, [Appellants] filed their reply in opposition to [Appellee's] motion for summary judgment. On December 18, 2024, [Appellee] fled a reply brief in support of [his] motion for summary judgment. On December 27, 2024, [Appellants] filed a reply in opposition to [Appellee's] December 18, 2024 reply brief.

*Id.* at 2-3 (extraneous capitalization omitted).

As noted, on January 29, 2025, the trial court filed an opinion and order granting Appellee's motion for summary judgment and dismissing Appellants' amended complaint. On February 4, 2025, Appellants filed a timely notice of appeal. That same day, Appellants filed a 14-page Pa.R.A.P. 1925(b) statement. The trial court filed a comprehensive Rule 1925(a) opinion on March 4, 2025.

Appellants raise the following issues for our review:

1.  Did the [trial court] mistake the law improperly finding that the [Appellants] did not establish factual disputes on their ***prima facie*** case of landlording (sic) negligence?

2.  Did the [trial court] mistake the law improperly finding that the [Appellants'] notice to [Appellee] did not establish negligence?

3. Did the [trial court] apply mistaken authority, **Marrazzo**[1], to analyze the causation of the [Appellants'] injury?

4. Did the [trial court] mistake the law shifting a defense-side burden of proof onto the [Appellants]?

5. Did the [trial court] mistake the law linking the cause or origin of the fire to the [Appellants'] injuries?

6. Did the [trial court] mistake the law on expert opinion testimony versus lay opinion testimony, and lay eyewitness testimony that does not leave the jury guessing?

7. Did the [trial court] mistake the law by drawing inferences of spoliation against the non-moving [Appellants], and in terms of precluding evidence of that spoliation?

8. Did the [trial court] mistake the law as it drew inferences against the non-moving [Appellants] and in the moving-[Appellee's] favor[?]

Appellants' brief at 1-3 (extraneous capitalization omitted; footnote citation added).

Our standard of review of a trial court's order granting summary judgment is well settled:

> In reviewing a grant of summary judgment, this Court's standard of review is **de novo** and our scope of review is plenary. A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of

_____

[1] **Marrazzo v. Scranton Nehi Bottling Co**., 223 A.2d 17 (Pa. 1966).

law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt. This Court has held that the summary judgment standard that a trial court must view the facts, and all reasonable inferences, in a light most favorable to the non-moving party clearly includes all expert testimony and reports submitted by the non-moving party or provided during discovery; and, so long as the conclusions contained within those reports are sufficiently supported, the trial judge cannot **sua sponte** assail them in an order and opinion granting summary judgment. An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion.

**Bourgeois v. Snow Time, Inc.**, 242 A.3d 637, 649–650 (Pa. 2020) (citations and internal quotation marks omitted).

Pennsylvania Rule of Civil Procedure 1035.2 governs motions for summary judgment and provides, in relevant part, as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at

- 5 -

> trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

It is well settled in this Commonwealth that "[a] tenant seeking to recover damages stemming from the condition of a rental property may pursue claims sounding in ordinary negligence or a breach of the implied warranty of habitability." *Echeverria v. Holley*, 142 A.3d 29, 34 (Pa.Super. 2016) (citation omitted), *appeal denied*, 169 A.3d 17 (Pa. 2017). To establish a *prima facie* cause of action for negligence, the following elements must be proven: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." *Grove v. Port Authority of Allegheny County*, 218 A.3d 877, 889 (Pa. 2019) (citation omitted).

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned analysis of the trial court, it is our determination that Appellants' plethora of interrelated claims on appeal warrant no relief. The trial court's January 29, 2025 memorandum opinion and March 4, 2025 Rule 1925(a) opinion comprehensively discussed each of Appellant's issues and concluded that they were without merit. We find that the conclusions of the trial court are supported by competent evidence and are clearly free of legal error.

Specifically, we agree with the trial court that Appellants failed to establish a *prima facie* cause of action for negligence by failing to introduce expert testimony to establish the cause and origin of the fire. The trial court properly found that, contrary to Appellants' contention, the fire report does not provide sufficient evidence to demonstrate the cause and origin of the fire. We also agree with the trial court that Appellant Julio Joya's claim that an unidentified Philadelphia Fire Department firefighter told him that the cause of the fire was electrical is inadmissible hearsay, and thus cannot be introduced to support Appellants' negligence claims. We also discern no abuse of discretion on the part of the trial court in finding that a spoliation sanction was not necessary because the record clearly demonstrates that Appellants had ample opportunity to conduct a site inspection of fire-damaged premises before repairs. We further agree with the trial court that it was Appellants' burden to prove what duty Appellee breached, the cause and origin of the fire, and whether the fire was caused by Appellee's alleged breach of her duty. We find that the trial court properly concluded that because Appellants failed to adduce evidence in support of a *prima facie* cause of action for negligence, summary judgment in Appellee's favor was entirely warranted. *See* trial court memorandum opinion, 1/29/25 at 3-9; trial court Rule 1925(a) opinion, 3/4/25 at 2-7.

Accordingly, we adopt the comprehensive January 25 and March 4, 2025 opinions of the Honorable Edward Wright as our own for purposes of this

- 7 -

appellate review. The parties are instructed to attach the opinions of the trial court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2025

RECEIVED

JAN 2 9 RECD

S . . . . R.
CIVIL . . . . . . VISION

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| Ms. Elizeth Juarez, *et al.*, | : | MARCH TERM, 2023 |
| | : | |
| Plaintiffs | : | No. 03594 |
| v. | : | |
| | : | Control No. 24120484 |
| Jinjing Wang, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION IN SUPPORT OF JANUARY 29, 2025 ORDER

Before the Court is Defendant Jinjing Wang's (hereinafter "Wang") Motion for Summary Judgment seeking dismissal with prejudice of all of Plaintiffs' claims. For the following reasons, Wang's Motion for Summary Judgment is granted, and Plaintiffs' claims against Wang are dismissed.

## FACTS

On or around 4:00 AM on March 19, 2023, a fire broke out in the row home in which Plaintiffs reside – a property owned by Wang. *See* Amended Compl. at ¶1, attached as Exhibit A. At all relevant times, ten (10) people were present in the premises – a three (3) bedroom, two (2) story row home in South Philadelphia. *Id.* at ¶30. No lease establishing a landlord-tenant relationship has been produced for the record, though a lease is referenced in Plaintiff Elizeth Juarez's Supplemental Answers to Defendant Wang's Interrogatories of September 14, 2023. *See* Juarez's Supplemental Answers to Defendant Wang's Interrogatories of September 14, 2023 at P. 7, attached as Exhibit C.

Plaintiffs aver "severe and horrific physical, emotional, and psychological harm" stemming from the fire. *See* Exhibit A at ¶48. In support of their claims, Plaintiffs state that a firefighter made statements to Plaintiffs after the fire suggesting that the fire started in the basement from the fuse box and spread to the rest of the premises. *Id.* at ¶55-56; Juarez Dep. at 85:3-16, attached as Exhibit D. In further support of their claims, Plaintiffs have put forth a Report of Fire Alarm produced by the Philadelphia Fire Department. *See* Report of Fire Alarm, attached as Exhibit E. Additionally, and in further support of their claims, Plaintiffs state that prior to the fire, on February 26, 2023, Plaintiff Elizeth Juarez notified Wang or her agents via text messaging that the premises required electrical repairs. *See* Exhibit A at ¶57. Plaintiffs also cite to various interrogatories in support of their claims. *See* Exhibit C; *See* Wang's Response to Interrogatories (Second Set), attached as Exhibit F; *See* Rojas Supplemental Answer to Defendant Wang's Interrogatories of September 14, 2023, attached as Exhibit G.

The record reveals that Plaintiffs have not put forth a liability expert, and Discovery has now ended. *See* August 30, 2024 Revised Case Management Order, attached as Exhibit B.

## PROCEDURAL HISTORY

On August 21, 2023, Plaintiffs filed the operative Amended Complaint, alleging Negligence, Negligent Infliction of Emotional Distress, and Loss of Consortium claims. On January 25, 2024, Wang filed an Answer with New Matter to Plaintiffs' Amended Complaint. On March 15, 2024, Plaintiffs filed a Reply to New Matter.

On August 13, 2024, the parties stipulated to the withdrawal of Plaintiffs' claim for Loss of Consortium. On December 2, 2024, Wang filed the instant Motion for Summary Judgment seeking dismissal of all of Plaintiffs' claims. On December 9, 2024, Plaintiffs filed their Reply in

2

Opposition to Wang's Motion for Summary Judgment. On December 18, 2024, Wang filed a Reply Brief in Support of Wang's Motion for Summary Judgment. On December 27, 2024, Plaintiffs filed a Reply in Opposition to Wang's December 18, 2024 Reply Brief.

## DISCUSSION

Wang argues that Defendant is entitled to summary judgment, alleging that the Plaintiffs have failed to produce evidence of facts essential to their causes of action. *See* Defs. Mot. Summ. J. at ¶15, attached as Exhibit H. Specifically, Wang alleges that summary judgment is appropriate, where: (i) Plaintiffs have produced no liability expert report establishing breach of duty and causation; (ii) a one (1) page Report of Fire Alarm purported by Plaintiffs to identify the cause and origin of the fire is inadmissible hearsay which cannot be used to establish breach of duty and causation; and, (iii) the testimony of Plaintiff Julio Joya (hereinafter "Joya") as to what a firefighter said to him regarding the cause and origin of the fire is inadmissible hearsay which cannot be used to establish breach of duty and causation.

Under Pa. R.C.P. 1035.2, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *Rauch v. Mike-Mayer*, 783 A.2d 815, 823 (Pa. Super. 2001). Under Rule 1035.2(2), if a defendant is the moving party, they may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of the cause of action. *Id.* at 824.

3

A tenant seeking to recover damages stemming from the condition of a rental property may pursue claims sounding in ordinary negligence or a breach of the implied warranty of habitability. *Echeverria v. Holley*, 142 A.3d 29, 34 (Pa. Super. 2016).

To establish a viable cause of action of negligence against Wang, Plaintiffs must adduce evidence suggesting that: 1) Wang owed Plaintiffs a duty; 2) Wang failed to conform with said duty; 3) that there is a close causal connection between Wang's failure and the resulting injuries; and, 4) that Plaintiffs sustained actual loss or damage. *See Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999). "The mere happening of an accident does not entitle the injured person to a verdict; [a] plaintiff must show that defendant owed him a duty and that duty was breached." *Engel v. Parkway Co.*, 266 A.2d 685, 687 (Pa. 1970).

## I. Lack of Expert Testimony

Wang contends that Plaintiffs' failure to produce a liability expert to establish breach of duty and causation are fatal to Plaintiffs' claims sounding in negligence.

It is well-established that "expert opinion testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror." *Commonwealth v. Carter*, 589 A.2d 1133, 1134 (Pa. Super. 1991). In negligence actions, "[e]xpert testimony is not required 'where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons.'" *Welsh v. Bulger*, 698 A.2d 581, 586 n. 11 (Pa. 1997) (quoting *Chandler v. Cook*, 265 A.2d 794, 796 n. 1 (Pa. 1970)). Nor is expert testimony as to causation required "where there is an obvious causal relationship"

4

between the injury complained of and the alleged negligent act. *Lattanze v. Silverstrini*, 448 A.2d 605, 608 (Pa. Super. 1982).

An obvious causal relationship exists when the injuries are either an "immediate and direct" or the "natural and probable" result of the alleged negligent act. *Id.* (citing *Tabuteau v. London G. & A., Ltd.*, 40 A.2d 396 (Pa. 1945)). "The two must be 'so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection'..." *Lattanze*, 448 A.2d at 608 (quoting *Smith v. German*, 253 A.2d 107, 109 (Pa. 1969)).

However, the fact-finder, be it the jury or the court, may not be permitted to reach its verdict or decision merely on the basis of guess or conjecture but that there must be evidence, direct or circumstantial, upon which logically its conclusion may be based. *Marrazzo v. Scranton Nehi Bottling Co.*, 223 A.2d 17, 21 (Pa. 1966) (citing *Smith v. Bell Telephone Co. of Penna*, 153 A.2d 477 (Pa. 1959)).

While testimony from the laymen Plaintiffs in this action is relevant to the issues presented, the cause of the fire and its causal connection to the "severe and horrific physical, emotional, and psychological harm" alleged in Plaintiffs' Amended Complaint are not so closely connected and so readily apparent as to allow a layman to diagnose the causal connection. To allow the case to proceed in the absence of an expert witness to opine on the cause of the fire and its ramifications upon the Plaintiffs' wellbeing would result in the fact-finder relying upon guess or conjecture to make their findings. *Id.* Such reliance is impermissible in this Commonwealth.

Plaintiffs respond that Wang knew that the house contained evidence of negligent repairs to the electrical system, and destroyed said evidence. *See* Plaintiffs' Reply in Opp. to. Defs. Mot. Summ. J. at 17, attached as Exhibit I. As a result of the alleged spoliation, claimed for the first

5

time in Plaintiffs' Reply in Opposition to Wang's Motion for Summary Judgment, Plaintiffs argue that "there was no possibility to retain an expert who would have seen the fuse box, in its original state, as the Philadelphia Fire Department officers saw it . . .." *Id.* at 16.

However, the record reveals that Plaintiffs had ample opportunity to inspect the premises. By letter dated July 17, 2023, Wang gave Plaintiffs' counsel the opportunity to conduct a site inspection of the unaltered property before repairs. *See* Exh. A to Defs. Reply Brief in Support of Mot. Summ. J., attached as Exhibit J. Indeed, Plaintiffs' counsel did inspect the property on August 24, 2023. *See* Defs. Reply Brief in Support of Mot. Summ. J. at 8, attached as Exhibit K. Plaintiffs' choice to visit the property five (5) months after the March 2023 fire, without an expert, was of their own making and cannot amount to spoliation by Wang. Plaintiffs seek to use spoliation as a reason they have failed to produce an expert on the issues of breach of duty and causation, rather than as a basis for discovery sanctions.

Notably, in *Baliotis*, the trial court found that a period of approximately two (2) months was ample time within which to provide notice and an opportunity for inspection. *Baliotis v. McNeil*, 870 F.Supp. 1285, 1293 (M.D. Pa. 1994). The *Baliotis* court, while finding that a "spoliation inference" was appropriate given the facts of that case, noted that requiring a property owner to maintain the scene of a fire indefinitely would be "inefficient and wasteful," and would create a potential for harm to others by maintaining a safety hazard. *Id.* at 1292.

II.     Use of Report of Fire Alarm

Wang contends in the instant Motion that the Report of Fire Alarm is inadmissible hearsay and therefore cannot be used to support Plaintiffs' claims.

6

In support of their claims, Plaintiffs point to the Report of Fire Alarm dated June 14, 2023, produced by the Philadelphia Fire Department's Fire Marshal's Office. *See* Exhibit E. The one (1) page document prepared by Lieutenant Terrence Jackson identifies the cause of the fire as "Electrical Wiring and Equipment," and identifies the origin of the fire as "basement." *Id.* Plaintiffs claim that the report is "an official, expert finding of the fire's factual cause and origin," but do not otherwise argue that the document falls within an exception to the hearsay rule. *See* Exhibit I at 3.

The Report of Fire Alarm, as an out-of-court statement offered to prove the truth of the matters asserted therein, constitutes hearsay. Pa. R. E. 801. The predicate supporting the rejection of hearsay evidence is its assumed unreliability because the declarant from which the statement originates is not before the trier of fact and therefore cannot be challenged as to the accuracy of the information sought to be conveyed. *Gunter v. Const. State Serv. Co.*, 638 A.2d 233, 235 (Pa. Super. 1994).

Plaintiffs do not argue that the Report of Fire Alarm falls within an exception to the rule against hearsay enumerated in Pa. R. E. 803. Regarding the public records exception to the rule against hearsay, the brevity of the responses found in the Report of Fire Alarm renders them ambiguous and, thus, unreliable as proof of the critical facts at issue here. *See Jennings v. Com., Dep't of Transp., Bureau of Driver Licensing*, 715 A.2d 552, 555 (Pa. Commw. Ct. 1998). Without the testimony of the investigating firefighter to provide context for the report, it cannot be trusted that the Report of Fire Alarm alone provides reliable information as to both the cause and the origin of the fire. *Id.* As such, the Report of Fire Alarm does not fall within the official records exception to the hearsay rule, and as such constitutes inadmissible hearsay evidence that may not be presented to the fact-finder on the issues of breach of duty and causation.

7

### III. Hearsay Testimony of Julio Joya

Wang contends in the instant Motion that the testimony of Plaintiff Joya as to what a firefighter told him regarding the cause and origin of the fire is inadmissible hearsay, and thus cannot be admitted in support of Plaintiffs' claims sounding in negligence. Plaintiffs do not argue that such testimony falls within an exception to the rule against hearsay.

An out-of-court statement offered to prove the truth of the matters asserted therein, constitutes hearsay. Pa. R. E. 801. Such evidence is inadmissible unless it falls within an exception to the rule against hearsay. Pa. R. E. 802.

The record shows that on the evening of the fire, an unidentified Philadelphia Fire Department firefighter informed Joya that "the cause of the fire was electricity." *See* Exhibit D at 85:3-16.

Such testimony constitutes out-of-court statements offered to prove the truth of the matters asserted therein – that is, to prove Wang's breach of duty and causation regarding the March 2023, fire that forced Plaintiffs out of their homes. As such, the statements are inadmissible and may not be presented to the fact-finder to aid their factfinding.

### IV. Remaining Evidence of Record

In addition to the aforementioned evidence, Plaintiffs have adduced the following evidence of record in support of their negligence and NIED claims: (i) text messages purportedly sent between Wang and Plaintiffs; (ii) Plaintiff Shelley Rojas Supplemental Answer to Defendant Wang's Interrogatories of September 14, 2023; (iii) Defendant Wang's Response to Plaintiffs' Interrogatories; and, (iv) Plaintiff Elizeth Juarez's Supplemental Answers to Defendant Wang's Interrogatories.

8

The issues of breach of duty and causation, in this case concerning an electrical fire and subsequent physical, emotional, and psychological injuries, is not such where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons. *See Welsh*, 698 A.2d at 586 n. 11. As such, the remaining evidence of record is insufficient to allow the fact-finder to establish a breach of duty and causation without the production of an expert witness. If the case is allowed to proceed to trial, this would result in the fact-finder reaching its verdict merely on the basis of guess or conjecture. *See Marrazzo*, 223 A.2d at 21.

## CONCLUSION

For the foregoing reasons, Defendant Wang's Motion for Summary Judgment is granted, whereby the Amended Complaint is dismissed.

BY THE COURT:

J.

9