COMMONWEALTH of Pennsylvania

v.

Tiajuana CHEESEBORO.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Leonard Mitchell.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Christina Paschall.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Anthony Daniels.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Nicole Hancock.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

David Lucas.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Chris Gallashaw.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Rob Wilson.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Greg McElveen.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Fuguan Bradley.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Jesse Cartwright.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Joseph Sachs.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Marcus Ross.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Raymond Smith, a/k/a
Lawrence Butler.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Maurice Cunningham.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Darnell Smalls.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Jamar Fant.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Luis Rodrigez.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

William Thorne.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Michael Vann.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Clayeisha Walker.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Armede Hardrick.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Marvin (a/k/a Troy) Smith.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Samuel Galloway.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Zaron Holloway.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

James Gleeson.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Norman Alexander.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Durell Matthew.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Waldemar Torres.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Tacey Watson.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Kwame Alleyne.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Demetrius Spencer.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Elizabeth Alvarez.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Peter Rolle.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Fred Odierno.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Walter Boone.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

John Dussinger.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Terrell Grant.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Darryl Coleman.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Sharef Brown.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Marquis DeMagnus.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Andre Gregg.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Immanuel Hall.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

John W. Harley.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Ryan Horowitz.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

James Lambadarios.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Kenneth Boggs.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Hagar Bey.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Allane Browne.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Richard Spadel.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Sean Lee.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Ronald Lassiter.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Paul Matthew.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Rasheen White.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Yuri Ashford.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Calvin Houston.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Tyrese Newkirk.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Charlie Muniz.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Edward Laplant.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Wilfredo Irizary.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

Nòrman Moffitt.

Appeal of Pennsylvania State Police.

Commonwealth of Pennsylvania

v.

William Brown.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Deion Morrison.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Walter McNeill.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Candido Fernandez.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Jose Feliciano.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Kenneth Dubose.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Salaman Cardona.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Leonard Cannon.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

William Russell.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Max Rivera.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Harold Perry Jr.

Appeal of The Pennsylvania
State Police.

Commonwealth of Pennsylvania

v.

Madison Burnam.

Appeal of The Pennsylvania
State Police.

Superior Court of Pennsylvania.

Application to Quash filed April 30, 2014.

Filed May 6, 2014.

---

Andrew J. Lovette, Harrisburg, for Pennsylvania State Police, appellant.

Owen W. Larrabee, Public Defender, for appellee.

Diann R.S. McKay, Pittsburgh, for Allegheny County Children and Youth, participating party.

BEFORE: FORD ELLIOTT, P.J.E., STABILE and FITZGERALD,* JJ.

* Former Justice specially assigned to the Superior Court.

1. Appeal Nos. 1698 EDA 2013–1734 EDA 2013.

OPINION PER CURIAM.

Appellant, the Pennsylvania State Police ("PSP"), has filed seventy-three separate appeals from orders of Philadelphia Court of Common Pleas Judge Michael E. Erdos, entered in agreement with the Commonwealth, that defendant-appellees shall not be required to register as sexual offenders in Pennsylvania under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41 (effective December 20, 2012). Defendant-appellees entered into negotiated plea agreements with the Commonwealth, pre-SORNA, where in exchange for the pleas, it was agreed that defendant-appellees would either not be subject to sexual offender registration or be subject to a reduced period of registration under Megan's Law, 42 Pa.C.S. §§ 9791–9799.9. It was further ordered that either defendant-appellees were to be removed from the sexual offender registry or the required registration periods shall revert back to what they were prior to the effective date of SORNA. Following the notices of appeal filed by PSP, defendant-appellees filed motions to quash the appeals on the grounds that PSP lacks standing to challenge the trial court's orders. The Commonwealth, as Appellee, also filed motions to quash the appeals on the same grounds in the first thirty-seven PSP appeals filed.[1] PSP has filed responses and memoranda opposing the motions to quash, a motion to consolidate thirty-seven of the appeals,[2] and motions to stay all of the appeals. Defendant-appellees have filed responses to the motions to stay. We consolidate the seventy-three appeals and hold that PSP lacks standing to appeal the instant orders.

2. At No. 1724 EDA 2013, PSP filed a motion to consolidate the thirty-seven appeals that were pending at the time the motion was filed. The motion does not include the thirty-six appeals that were subsequently filed.

Accordingly, we grant the motions to quash.

Both appellees assert that PSP lacks standing to appeal the trial court orders because PSP is not a party to the underlying criminal matters, where PSP was not in any way involved in the underlying litigation resulting in the appealed-from orders. *See* 42 Pa.C.S. § 102 (defining "party" as a person who commences or against whom relief is sought in a matter); Pa. R.A.P. 501 (providing that, "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom"). Appellees also claim that PSP is not aggrieved by the trial court orders in that PSP does not have a substantial interest in the instant cases because SORNA does not vest PSP with authority to adjudicate matters affected by the court's rulings. Rather, Appellees claim the role of PSP under SORNA is ministerial, administrative, and limited to routine police duties. *See, e.g.,* 42 Pa.C.S. §§ 9799.32 and 9799.27(b) (notifying duties of PSP); 42 Pa.C.S. § 9799.22 (arresting and enforcement duties of PSP); 42 Pa.C.S. § 9799.18 (relating to information sharing). Appellees assert that the authority to "classify" sexual offenders was reserved for the courts, *see* 42 Pa.C.S. § 9799.23(a)(6) (classifying the individual by the trial court), and that SORNA did not divest the district attorney of the responsibility of negotiating plea agreements and representing the Commonwealth in criminal proceedings. Appellees note that the trial court also concluded PSP lacks standing to challenge its rulings in these appeals. Trial Court Opinions, Section A.

PSP asserts that it is statutorily vested with the responsibility of creating, maintaining and administering Pennsylvania's sexual offender registry under SORNA and that it, not the Commonwealth, has an interest in enforcing and defending SORNA as the governmental official implementing the statute. PSP also maintains it is an aggrieved party in that the trial court's orders direct it to ignore its statutorily mandated duties, which PSP argues are varied and extensive, to register sexual offenders in accordance with SORNA. PSP argues that the General Assembly unequivocally determined who must register as sexual offenders under SORNA and that neither the Commonwealth, defense counsel, nor the trial court have the ability to exempt or modify the mandatory terms of sexual offender registration pursuant to a plea agreement.

█ PSP was not expressly granted broad authority and discretionary powers under SORNA. Unlike the Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6127, which provides PSP with a determinative role as to whether an applicant is prohibited from receiving or possessing a firearm, PSP's role under SORNA may be viewed as more ministerial in nature than adjudicative. *See, e.g.,* 42 Pa.C.S. §§ 9799.32(1)-(4), (6)-(9) (maintaining of sexual offender registry by PSP and gathering, recording, storing, updating, and sharing offender information); 42 Pa.C.S. §§ 9799.22 and 9799.32(5) (regarding limited enforcement duties of PSP in notifying authorities when an individual fails to comply with registration, penalty, or counseling provisions). Furthermore, it is not until after the underlying offenses have been litigated that PSP is notified that an individual is subject to the sexual offender registration requirements. *Cf.* 42 Pa.C.S. § 9799.13 (regarding applicability of registration with PSP requirements for individuals convicted/adjudicated delinquent of a sexually violent offense); *Commonwealth v. J.H.,* 563 Pa. 248, 759 A.2d 1269 (2000) (holding that PSP was without standing to contest an

order to expunge criminal record or the order compelling PSP to expunge the same under the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9183, where PSP was not aggrieved by either, and notification to PSP was not required until after an expungement order was entered, such that standing was not derived from the statute); *Hunt v. Pennsylvania State Police*, 603 Pa. 156, 983 A.2d 627 (2009) (holding that PSP lacks standing to challenge the underlying merits of an expungement order through preliminary objections raised in a *mandamus* action). Thus, SORNA does not appear to confer standing upon PSP.

■ There also does not appear to be any discernible, adverse effect to an interest of PSP's other than in the abstract as a result of the trial court's enforcement of the underlying plea agreements. PSP is not aggrieved merely because it believes it is being forced to violate its statutory mandates according to its interpretation of SORNA. Any interest of PSP in the registration requirements as they relate to defendant-appellees does not appear to be substantial, direct and immediate in order to establish standing.[3]

We also note that, recently, in *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa.Super.2013) (*en banc*), an *en banc* panel of this Court unanimously upheld the trial court's specific enforcement of an on-the-record plea bargain based on the contractual nature of the plea agreement, one of the terms of which was that the defendant would not be required to register as a sexual offender under Megan's Law, such that the defendant was not subject to the registration requirements of the subse-

quently enacted SORNA. A petition for allowance of appeal in *Hainesworth*, 24 WAL 2014, is currently pending before the Supreme Court of Pennsylvania, filed on January 13, 2014. PSP requests that the instant appeals be stayed pending the Supreme Court's consideration of the petition for allowance of appeal in *Hainesworth*, maintaining that the decision in *Hainesworth* may be dispositive of the issues raised in the appeals herein. However, the implications of *Hainesworth* and the outcome of the petition for allowance of appeal do not appear to be determinative of the issue involving lack of standing of PSP as presented in the instant motions to quash.

Accordingly, we hold that PSP does not have standing to contest the Philadelphia County Court of Common Pleas orders determining that defendant-appellees were not required to register as sexual offenders under SORNA. We therefore consolidate the seventy-three above-captioned appeals and grant the motions to quash. PSP's motions to stay and consolidate appeals are therefore denied as moot.

Appeals CONSOLIDATED. Appellees' motions to quash GRANTED. Appeals QUASHED. Appellant's motions to stay and motion to consolidate appeals DENIED as moot.

---

**3.** On January 30, 2014, in *Commonwealth v. Lucas*, 1619 WDA 2013 (Pa.Super.2014), this Court also granted a motion to quash an appeal filed by PSP on the grounds that PSP lacked standing to contest an order: (1) that the defendant is not subject to Megan's Law; (2) ordering PSP to remove the defendant from Megan's Law registration status; and (3) directing PSP to provide verification to the court of said removal.