J-A15023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JERRY PURYEAR | |
| Appellant | No. 1502 MDA 2016 |

Appeal from the Order Entered August 12, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001928-1996
CP-36-CR-0002908-1996

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 20, 2017**

Appellant Jerry Puryear appeals from the order denying his petition to enforce a guilty plea agreement. We vacate that order and remand in light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **pet. for cert. filed**, No. 17-575 (U.S., Oct. 13, 2017).

On May 8, 1997, at docket number CP-36-CR-0001928-1996, Appellant pleaded guilty to two counts of corruption of minors and two counts of sexual abuse of children.[1] In accordance with the plea, one count of involuntary deviate sexual intercourse was *nolle prossed*. On the same day, at docket number CP-36-CR-0002908-1996, Appellant pleaded guilty to one count of corruption of minors and one count of sexual abuse of children.

_____
[1] 18 Pa. C.S. §§ 6301(a) and 6312(b).

As part of the second plea, one count of statutory sexual assault was *nolle prossed*. The trial court imposed an aggregate sentence of one and one-half to five years of incarceration, followed by three years of probation.

Under Megan's Law I, Act No. 1995-24 (Sp. Sess. 1), P.L. 1079 (Oct. 24, 1995), *as amended*, which was in effect at the time Appellant pleaded guilty and was sentenced, Appellant was not required to register as a sex offender. **See** Megan's Law I § 9793(b), 1995 P.L. at 1081.

Appellant began his sentence for the crimes at both docket numbers on March 13, 2001. He was paroled on January 27, 2003. Upon his release, Appellant was informed that he was required to register as a sex offender for a period of ten years pursuant to Section 9795.1(a) of Megan's Law II, Act No. 2000-18, P.L. 74, 84 (May 10, 2000), *as amended*, which had been enacted in 2000.

On October 28, 2010, Appellant was held in contempt of court for failure to pay fines and costs in compliance with his plea agreement. As a result, he was placed on six months of unsupervised probation.

The Pennsylvania General Assembly replaced Megan's Law with the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa. C.S. §§ 9799.10–9799.41, as of December 20, 2012.[2] Appellant was thereafter notified that, under SORNA, he was subject to a lifetime registration requirement because SORNA classifies sexual abuse of children as a "Tier II

_____

[2] We omit intervening legislative actions relating to Megan's Law, as they are not relevant to this appeal.

sexual offense," *see* 42 Pa. C.S. § 9799.14(c)(4), and his guilty plea to more than one such offense increased that classification to "Tier III," *see id.* § 9799.14(d)(16). A Tier III conviction requires registration for the rest of an individual's life. *Id.* § 9799.15(a)(3).

Appellant's registration period was subsequently reduced to twenty-five years because, under *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016) (holding that SORNA "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration"), his two convictions did not count separately for purposes of Section 9799.14(d)(16). Appellant then was classified as a Tier II sexual offender, which requires registration for 25 years. *See* 42 Pa. C.S. § 9799.15(a)(2).

On June 14, 2016, Appellant filed the "Petition to Enforce Plea Agreement" at issue in this appeal.[3] Appellant argued that retroactively subjecting him to SORNA registration requirements breaches the terms of his plea agreement.

---

[3] In *Commonwealth v. Partee*, 86 A.3d 245, 247 (Pa. Super.), *appeal denied*, 97 A.3d 744 (Pa. 2014), this Court held that a petition seeking specific enforcement of the sex offender registration period in a plea agreement is not cognizable under the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA), and thus not subject to the PCRA's deadline for filing a petition. Although the precedential status of *Partee* is unsettled due to recent developments in the law that are discussed in the text, Appellant filed his petition to enforce the plea agreement in accordance with the law at the time he filed his petition.

- 3 -

On August 12, 2016, the trial court denied Appellant's petition. First, the court held that it lacked jurisdiction because Appellant had not joined the Pennsylvania State Police (PSP) as an indispensable party to this action. *See* Trial Ct. Op., 10/27/16, at 1 (citing **Commonwealth v. Demora**, 149 A.3d 330 (Pa. Super. 2016), in which this Court held that the trial court lacked jurisdiction to consider a petition to enforce the SORNA registration requirements in a plea agreement because the PSP was not joined as an indispensable party). The trial court further opined that Appellant's petition lacked merit because Appellant "failed to establish that sex offender registration requirements constituted a material term of the plea agreement and [Appellant] himself violated the terms of his plea agreement." Trial Ct. Op. at 1 (footnote omitted).

On September 9, 2016, Appellant filed a timely notice of appeal. In his brief, he raises two issues:

> I. Was the instant Petition to Enforce Plea Agreement properly filed in the Court of Common Pleas without joining the Pennsylvania State Police, pursuant to **Commonwealth v. Cheeseboro, et al.**, 91 A.3d 714 (Pa. Super. 2014), and **Dougherty v. Pennsylvania State Police**, 138 A.3d 153 (Pa. Commw. 2016)[?]
>
> II. Did the trial court err in denying the Petition to Enforce Plea Agreement without a hearing, where [Appellant] would have testified that he pled guilty based on his understanding that a material term of the plea was that he would not be required to register as a sex offender, and [Appellant] was never convicted of a parole or probation violation on either of the instant dockets?

Appellant's Brief at 5.

Before we reach Appellant's issues, we review significant developments in the law with regard to SORNA that occurred while this appeal was pending.[4] On July 19, 2017, the Pennsylvania Supreme Court held in *Muniz* that SORNA's registration provisions constitute punishment and that retroactive application of those provisions therefore violates state and federal constitutional prohibitions against *ex post facto* laws. 164 A.3d at 1193 (opinion announcing judgment of Court); *id.* at 1224 (Wecht, J., concurring). Although no opinion was joined by a majority of the Justices, the conclusion of unconstitutionality was shared by five of the Court's six participating members. There therefore is no question that the holding stated in *Muniz* is binding law.

The implications of the decision in *Muniz* are still being determined, but one — abandonment of the jurisdictional ruling in *Demora* — has already become clear. On November 9, 2017, this Court, sitting *en banc*, "explicitly recognize[d] *Muniz* overrules *Demora*." *Commonwealth v. McCullough*, ___ A.3d ___, 2017 WL 5184490, at *2 (Pa. Super., Nov. 9, 2017) (*en banc*). Thus, the PSP need not be joined in an action to remove an individual from the sex offender registry, and the absence of the PSP

---

[4] After Appellant filed his notice of appeal, we granted his three applications for extensions of time in which to file his brief. After the briefing was completed, we heard oral argument on June 20, 2017. We then held the case pending the resolution of several cases that were pending before this Court *en banc*.

imposes no jurisdictional barrier to consideration of a claim like that presented by Appellant. We explained:

> [O]ur Supreme Court's decision in **Muniz** undercuts the reasoning of **Demora** in two ways. First, it implicitly overrules **Demora** by removing Muniz from the sexual offender registry despite his failure to join the PSP in his removal action. Second, it holds that registration is a criminal sanction, subject to *ex post facto* considerations, which abrogates our holding in **Demora**. The rationale behind **Demora** was based on our prior cases holding that registration was ancillary to sentencing and not part of the criminal sentence.

***Id.***

Based on **Muniz** and **McCullough**, we hold that Appellant's failure to join the PSP as a party to this action did not deprive the trial court of jurisdiction. Further, because Appellant's petition is based on the retroactive application of SORNA's registration requirements to him and because such a retroactive application is unconstitutional under **Muniz**, we vacate the order denying Appellant's motion to enforce his plea agreement and remand this matter to the trial court for further proceedings consistent with **Muniz**. We do not reach the question whether Appellant violated his plea agreement or the effect of a violation on his ability to enforce his plea agreement.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2017

- 6 -