**[J-30-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

STEVEN KONYK,

        Appellant

        v.

THE PENNSYLVANIA STATE POLICE
OF THE COMMONWEALTH OF
PENNSYLVANIA,

        Appellee

: No. 11 MAP 2016
:
: Appeal from the Order of the
: Commonwealth Court dated January
: 12, 2016 at No. 538 MD 2014
:
: SUBMITTED: March 27, 2017
:
:
:
:
:
:
:
:

**CONCURRING OPINION**

**JUSTICE TODD**                                           **DECIDED: April 26, 2018**

Respectfully, I disagree with the majority's determination that the Pennsylvania State Police ("PSP") is "an appropriate defendant" in this case, *see* Majority Opinion at 7; indeed, for the reasons discussed below, I conclude that, by suing PSP rather than the Commonwealth, Appellant sued the wrong party, and, as a result, the Commonwealth Court, in the first instance, should have adhered to its prior case law and dismissed Appellant's petition without prejudice to raise his claims against the Commonwealth. Thus, I cannot join Part II of the majority's opinion. Nevertheless, because I agree with the majority's ultimate conclusion that Appellant's factual averments (1) failed to support a claim that the Commonwealth is a third-party beneficiary to his federal plea agreement; and (2) failed to support a claim that there exists an implied contract between Appellant and the Commonwealth as a result of his federal plea agreement, I join the remainder of the majority opinion, and its mandate.

As recounted by the majority, on October 14, 2014, Appellant filed in the Commonwealth Court's original jurisdiction a Petition for Review in the Nature of a Writ of Mandamus, naming the "Commissioner of the Pennsylvania State Police" as the respondent, and seeking to compel PSP to change his sexual offender registration status back to a ten-year period. On January 28, 2015, Appellant filed an Amended Petition for Review in the Nature of a Writ of Mandamus, this time naming "The Pennsylvania State Police of the Commonwealth of Pennsylvania" as the respondent.[1] Appellant maintained below, and continues to maintain, that he is entitled to enforcement of the terms of his federal plea agreement because: *the Commonwealth* entered into an implied contract with him; *the Commonwealth* was a third-party beneficiary to his federal plea agreement; and *the Commonwealth*, through its adoption of Megan's Law III, "intervened as a party in any federal court prosecution of an equivalent Pennsylvania Megan's Law crime." Appellant's Brief at 24. As the Commonwealth points out, however, although PSP "is an arm of the Commonwealth," the Commonwealth and its agencies "are distinct legal entities." Commonwealth's Brief at 13 (quoting *Tork-Hiis v. Comm. of Pa.*, 735 A.2d 1256, 1259 (Pa. 1999) (observing that the Commonwealth and the Department of Conservation and Natural Resources are distinct legal entities).

---

[1] The Commonwealth Court concluded that, notwithstanding the title of his petition, Appellant was not actually requesting that PSP perform a mandatory duty, but was asserting a common law contract claim against PSP and seeking equitable relief in the form of specific performance of the terms of his federal plea agreement. Relying on its decision in *Taylor v. The Pennsylvania State Police*, 132 A.3d 590, 594 (Pa. 2016) (holding sexual offender's petition, although titled an "Amended Petition for Review in the Nature of a Writ of Mandamus seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status," was actually a petition for declaratory and injunctive relief), the Commonwealth Court determined that it would construe Appellant's claims as common law contract claims seeking equitable relief, over which the Commonwealth Court had original jurisdiction. Accordingly, the Commonwealth Court overruled PSP's mandamus-related preliminary objections in this regard.

The Commonwealth Court addressed a similar argument in *Dougherty v. Pennsylvania State Police of the Commonwealth of Pennsylvania*, 138 A.3d 152 (Pa. Cmwlth. 2016), wherein the appellant filed a petition for review in the nature of a writ of mandamus, seeking to compel PSP to change his sexual registration status in accordance with the terms of his plea agreement with the Commonwealth. As in the instant case, PSP filed preliminary objections, alleging, *inter alia*, that the appellant's contract-based claims failed because PSP was not a party to the plea agreement.

In sustaining PSP's preliminary objections in this regard, the Commonwealth Court in *Dougherty* explained:

> Petitioner's allegations focus on the terms of his plea agreement with the Commonwealth. The PSP's role in the SORNA statutory scheme is "more ministerial in nature than adjudicative." *Commonwealth v. Cheeseboro,* 91 A.3d 714, 721 (Pa.Super.2014). Under SORNA, in instances where, as here, the offender was serving a term of probation at the time of SORNA's enactment, the PSP receives registration information from the "appropriate office of probation and parole" and determines the duration of an offender's registration based on the offense of conviction. Section 9799.19(e.1)(1) and 9799.15 of SORNA, 42 Pa.C.S. §§ 9799.19(e.1)(1), 9799.15.
>
> Upon receipt of information concerning an offender convicted of a sexually violent offense prior to the enactment of SORNA, the PSP may take one of three steps. If the sentencing order provided to the appropriate correctional institution, office or board of probation and parole, or PSP by the sentencing court includes a specific term of registration, the PSP is bound to apply the registration term included in the sentence and nothing more. *McCray v. Pennsylvania Department of Corrections,* [872 A.2d 1127, 1133 (Pa. 2005)] (executive branch agencies "lack[ ] the power to adjudicate the legality of a sentence or to add or delete sentencing conditions"). If, however, the sentencing order is unclear or ambiguous, the PSP may seek guidance from the sentencing court and/or other appropriate entities before applying the registration period upon a sexual offender. *See* Section 9799.16(d) of SORNA, 42 Pa.C.S. § 9799.16(d)

(stating that "[t]here shall be cooperation between the [PSP], State and county correctional institutions, the Pennsylvania Board of Probation and Parole, the county office of probation and parole, any court with jurisdiction over a sexual offender ... to ensure" that information is collected and placed on the registry.). Finally, if, the sentencing order is silent on the term of registration imposed upon the offender, the PSP must apply the appropriate registration period based on the offense of conviction as required by Section 9799.15 of SORNA, 42 Pa.C.S. § 9799.15.

In all three circumstances, the PSP has *no* duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a sexually violent offender's duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court. *See Commonwealth v. Bundy,* 96 A.3d 390, 394 (Pa.Super. 2014) (discussing the procedure for challenging the retroactive application of SORNA's registration requirement in light of a plea agreement); *see also Commonwealth v. Partee,* 86 A.3d 245, 247 (Pa. Super.), *appeal denied,* [97 A.3d 744 (Pa. 2014)] (concluding that a challenge to the duration of SORNA's registration requirement in light of a plea agreement was "properly reviewed as a petition for *habeas corpus*" (emphasis in original)). When determining whether a plea agreement has been breached, sentencing courts "look to what the parties to this plea agreement reasonably understood to be the terms of the agreement" based on the "totality of the surrounding circumstances." *Commonwealth v. Hainesworth,* 82 A.3d 444, 447 (Pa. Super. 2013) (internal quotations omitted). *See also Commonwealth v. Nase,* 104 A.3d 528, 534 (Pa. Super. 2014) (interpreting a plea agreement through use of contract principles and concluding that the appellant's "registration consequences were unequivocally part of the plea negotiations and arrangement"). *Such disputes should name the Commonwealth as the defendant as it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, who is a party to the plea agreement.*

*Id.* at 159-60 (emphasis added and footnote omitted). The court further noted that the petitioner could "assert his contract-related claims against the Commonwealth in the

appropriate court of common pleas," *id.* at 160, and it dismissed the appellant's claims without prejudice. *Id.* at 161.[2]

The Commonwealth Court again addressed this issue in *Malone v. Pennsylvania State Police*, 2017 WL 1533870 (Pa. Cmwlth. filed April 28, 2017). In *Malone*, the petitioner filed a petition for review against PSP seeking a declaratory judgment that he was exempt from SORNA's lifetime registration requirement based on, *inter alia*, the terms of his plea agreement with the Commonwealth. In sustaining PSP's preliminary objections to the petitioner's breach of contract claims, the Commonwealth Court, relying on *Dougherty*, explained that, "because the State Police was not a party to the plea agreement, a breach of contract action against the State Police is inappropriate. We sustain the State Police's preliminary objection to this claim, which belongs in the appropriate court of common pleas." *Malone*, at *7.[3]

---

[2] The Commonwealth Court's conclusion in *Dougherty* that PSP's role in SORNA's statutory scheme is essentially ministerial, as it is limited to the collection and dissemination of information in the registry, and enforcement of the registration requirement, is supported by the description of PSP's duties contained in the statute itself. *See* 42 Pa.C.S. § 9799.32.

[3] While, in *A.S. v. Pennsylvania State Police*, 143 A.3d 896, 899 (Pa. 2016), this Court affirmed the grant of mandamus relief against PSP, PSP's proper-party status was not challenged. In that case, A.S. pled guilty to one count of sexual abuse of children and one count of unlawful contact, both of which were enumerated offenses for purposes of sexual offender registration. The trial court informed A.S. that he was subject to a ten-year period of registration under Megan's Law II. After the expiration of the ten-year-registration period, A.S. contacted PSP and requested they remove his name from the registry. PSP refused his request, claiming that his guilty plea to the two above-noted offenses subjected him to lifetime registration because he had two or more convictions. A.S. filed a "Petition for Review in the Nature of a Complaint in Mandamus" to compel PSP to remove his name from the registry. The Commonwealth Court granted A.S. relief and ordered PSP to change his designation on the registry. On appeal, this Court affirmed the award of mandamus relief, as a majority of this Court concluded that Megan's Law II required an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses. As noted, however, PSP did not dispute that mandamus relief was appropriate if this Court sustained A.S.'s reading of the statute.

Appellant's claims regarding his federal plea agreement are contract-based claims. As Appellant does not allege that PSP was a party to any plea agreement or contract with Appellant, PSP is not a proper defendant in this case. Thus, in my view, the Commonwealth Court properly sustained PSP's preliminary objections in this regard, but should have dismissed Appellant's petition *without prejudice* to assert his contract-related claims against the Commonwealth in the appropriate court of common pleas, as it did in both *Dougherty* and *Malone*. Nevertheless, because I am aligned with the majority that Appellant's contract-related claims against the Commonwealth ultimately are without merit, I agree with the majority's affirmance of the Commonwealth Court's order.