J-S03027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                      :
          v.                           :
                                      :
                                      :
JAIME JIMENEZ JR.                  :
                                      :
            Appellant              :     No. 2111 EDA 2018

Appeal from the Judgment of Sentence Entered February 13, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000193-2016

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED MAY 17, 2019**

     Appellant, Jaime Jimenez, Jr., appeals from the judgment of sentence entered on February 13, 2018, following his guilty plea convictions for criminal use of a communication facility and criminal attempt of corruption of minors by course of conduct.[1] We affirm.

     We briefly summarize the facts and procedural history of this case as follows. On August 2, 2015, police posing as a 14-year-old female responded to a classified advertisement entitled "Pocono Fun" posted on Craigslist by Appellant. Appellant arranged to have sex and smoke marijuana with the alleged minor and drove from New Jersey to a prearranged location in Monroe County, Pennsylvania to meet her. On August 9, 2015, police arrested Appellant at the designated location and recovered marijuana from his car and

_____

[1] 18 Pa.C.S.A. §§ 7512 and 903/6301(a)(1)(ii), respectively.

three condoms from his person. On August 10, 2015, the Commonwealth charged Appellant with the aforementioned offenses, as well as criminal attempt of statutory sexual assault and two counts of unlawful sexual contact with a minor.

On November 21, 2017, Appellant entered into a negotiated guilty plea to criminal use of a communication facility and criminal attempt of corruption of minors by course of conduct. The plea agreement, however, left the sentence open for the trial court to decide. At the plea hearing, the trial court ordered the sexual offender assessment board (SOAB) to conduct an assessment. Appellant subsequently filed a motion to preclude the SOAB evaluation on December 1, 2017. Appellant and the Commonwealth submitted briefs on their respective positions regarding an evaluation by the SOAB. On January 25, 2018, the trial court denied Appellant's motion to preclude the report.

The trial court held a sentencing hearing on February 12, 2018. By order entered on February 13, 2018, the trial court sentenced Appellant to a term of nine to 23 months of incarceration for criminal attempt of corruption of minors, plus a consecutive term of two years of probation for criminal use of communication facility. The trial court also classified Appellant as a Tier I sexual offender subject to a 15-year registration period pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §9799.23. Appellant filed a motion for reconsideration on February 15, 2018. The trial

court denied relief by opinion and order entered on June 13, 2018. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues[3] for our review:

1. Did the court abuse its discretion at sentencing when it required Appellant to register under SORNA?

2. Did the [trial] court abuse its discretion at sentencing when it is a violation of Appellant's due process constitutional rights under the United States and Pennsylvania Constitutions where SORNA's requirements are punitive and not just civil requirements?

3. Is it a violation of Appellant's due process constitutional rights under the United States and Pennsylvania Constitutions where mandatory reporting compliance with SORNA's requirements are an affirmative restraint upon Appellant and such a restraint is punitive?

4. Did the [trial] court abuse its discretion at sentencing by allowing the [SOAB] [a]ssessment to be considered at the time of sentencing for purposes other than [a] determination if Appellant was a Sexually Violent Predator [(SVP)], where all the information is already available to the [trial] court and

_____

[2] Appellant filed a notice of appeal on July 13, 2018. On July 17, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 14, 2018, relying largely upon its prior opinion entered on June 13, 2018 explaining its rationale in denying Appellant's post-sentence motion.

[3] Initially, we note that the Public Defender from Monroe County, currently representing Appellant on appeal, has presented virtually identical arguments to this Court in two other cases and we denied relief in unpublished memoranda decisions. *See Commonwealth v. Bender*, 2019 WL 364206 (Pa. Super. 2019) (unpublished memorandum); *Commonwealth v. Sauers*, 2019 WL 1411188 (Pa. Super. 2019) (unpublished memorandum). In this case, we have reordered the issues slightly for ease of discussion and disposition.

> Appellant did not have the chance to confront the person[s] who did the evaluation about their opinions and professional determinations, when [] Appellant cannot be declared a [SVP]?
>
> 5. Is it a violation of Appellant's due process constitutional rights under the United States and Pennsylvania Constitutions where compliance with SORNA's requirements are invested in the state police?
>
> 6. Did the [trial] court abuse[] its discretion when saying SORNA applied to Appellant when after his release from custody he will be returning to his home in New Jersey and will not have resided in Pennsylvania for registration to apply?

Appellant's Brief at 6-7 (suggested answers omitted).

In the first three issues presented above,[4] Appellant alleges that the trial court abused its discretion by requiring Appellant to register pursuant to SORNA. Appellant predicates these claims on our Supreme Court's opinion announcing the judgment of court in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). More specifically, Appellant claims that the trial court abused its discretion at sentencing by ordering compliance with SORNA's punitive registration requirements in violation of Appellant's due process rights.[5] **Id.** at 13-19 and 23-24. He claims that the registration requirements

---

[4] We note that while Appellant sets forth three separate issues in his brief, in essence, however, he presents the same argument three times, with slight variations, and relies upon the same case law.

[5] While Appellant's statement of questions presented refers to due process violations, Appellant does not explain, or provide any legal discussion, detailing how his due process rights were violated. This Court "will not act as counsel and will not develop arguments on behalf of an appellant." **In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted). Regardless, we fail to see how Appellant's procedural due process rights were violated.

create an affirmative, onerous, punitive restraint on Appellant and that registration, therefore, violated his constitutional rights. *Id.* at 14, 18-19, and 23.

In *Muniz*, our Supreme Court held that SORNA's registration requirements constitute criminal punishment rather than a civil consequence and, thus, retroactive application to crimes committed prior to SORNA's effective date, December 20, 2012, violated the *ex post facto* clause of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1192-1193. However, "the *Muniz* court did not find SORNA unenforceable in all contexts; rather, the Supreme Court held that SORNA was [only] unconstitutional as applied to Muniz because it changed his registration requirement from ten years to lifetime registration, and thus, increased his punishment for indecent assault **after** he committed the offense." *Commonwealth v. Haughwout*, 198 A.3d 403, 405 (Pa. Super. 2018) (emphasis added). The *Muniz* Court, however, did not declare SORNA unconstitutional.

_____

Appellant had notice and a meaningful opportunity to be heard. *See Commonwealth v. Turner*, 80 A.3d 754, 761 (Pa. 2013) (citation omitted) (recognizing that the essential requisites of procedural due process are notice and meaningful opportunity to be heard). "[F]or substantive due process rights to attach there must first be the deprivation of a property right or other interest that is constitutionally protected." *Khan v. State Bd. of Auctioneer Examiners*, 842 A.2d 936, 946 (Pa. 2004). As discussed below, registration requirements under SORNA, for offenses committed after December 20, 2012, have not been declared unconstitutional.

In this case, Appellant concedes that *Muniz* only applies *ex post facto*, or to cases in which a defendant committed his or her offenses **before** SORNA's effective date. *See* Appellant's Brief at 17. He argues, however, that for the reasons that *Muniz* determined that registration requirements "are punishment [under the] *ex post facto* clause, they are punishment for someone required to register after December 20, 2012." *Id.* Appellant's argument focuses exclusively on our Supreme Court's analysis in *Muniz*, as he generously quotes language from that case discussing the punitive nature of registration requirements. While it is true that the *Muniz* Court held that SORNA's registration requirements constitute criminal punishment, it only did so in the context of determining whether retroactive application was permissible. The constitutionality of SORNA registration requirements as applied to defendants after December 20, 2012 has not been drawn into doubt by *Muniz*. Here, there is no dispute that Appellant placed the advertisement at issue in 2015, he pled guilty in 2017, and the trial court sentenced him in 2018. Accordingly, the trial court properly applied SORNA registration requirements to Appellant and his first three issues as set forth above are without merit.

In his fourth issue as set forth above, Appellant asserts that the trial court wrongly considered an assessment by the SOAB in fixing his sentence. Appellant relies upon this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), which held that SVP designations are unconstitutional under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct.

2151 (2013).[6]  He claims that because he could not be designated an SVP, there was no reason to conduct an SOAB assessment normally used for SVP determinations.  Because the SOAB assessment was prejudicial to him and he was not able to cross-examine the SOAB evaluator, Appellant argues that the trial court should not have considered the SOAB report.  Appellant's Brief at 10-12.   We explain our rejection of this argument below.

In **Butler**, a panel of this Court concluded that because **Muniz** held that registration requirements under SORNA are punitive and an SVP determination increases the registration period, trial courts cannot apply SORNA's increased registration requirement to SVPs because SORNA does not require a fact-finder to make a determination, beyond a reasonable doubt, that a defendant is an SVP.  **Butler**, 173 A.3d 1217-1218 (citation omitted).  The **Butler** Court further found that 42 Pa.C.S.A. § 9799.24(e)(3), pertaining specifically to SVP hearings, was unconstitutional and that "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings[.]"  **Id.** at 1218.   However, we directed trial courts to "notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense[.]"  **Id.**

In this case, the trial court did not conduct an SVP hearing and never determined that Appellant was an SVP.   Instead, the trial court properly

---

[6]  **Alleyne** held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to a jury and determined beyond a reasonable doubt.  **See Butler**, 173 A.3d at 1217.

notified Appellant of his obligation to register under the applicable tier-based registration period based solely on Appellant's conviction, as set forth in **Butler**. Moreover, upon our reading of **Muniz** and **Butler**, SOAB assessments, standing alone, have not been rendered unconstitutional. Instead, using SOAB assessments to declare that an individual is an SVP is what is constitutionally unsound. Thus, we see no *per se* legal impediment to a trial court's consideration of an SOAB assessment in imposing sentence.

Furthermore, to the extent that Appellant argues that the trial court abused its discretion by relying on an SOAB assessment at sentencing, we note the following. In order to reach the merits of a discretionary aspects of sentencing claim,

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

**Commonwealth v. Ali**, 197 A.3d 742, 760 (Pa. Super. 2018) (citation and brackets omitted).

Herein, Appellant's appeal is timely and he preserved his sentencing issue in a post-trial motion. Appellant failed to include in his appellate brief a concise statement of the reasons that the trial court abused its discretion as required under Pa.R.A.P. 2119(f). Because the Commonwealth did not object to this omission, we may still reach his challenge to the discretionary aspects

- 8 -

of sentencing. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) ("[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)[.]").

Appellant, however, has failed to raise a substantial question. "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Conte*, 198 A.3d 1169, 1174 (Pa. Super. 2018) (internal citation omitted). Aside from arguing that SOAB assessments are unconstitutional, Appellant does not argue that the use of an SOAB assessment is contrary to a specific sentencing provision of the Sentencing Code or to the fundamental norms of sentencing. In Pennsylvania, a sentencing court must impose an individualized sentence that is appropriate in light of the facts of the case and the defendant's circumstances. *See Commonwealth v. Fortson*, 165 A.3d 10, 19 (Pa. Super. 2017). We have previously stated:

> Prior to imposing sentence a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.
>
> Nevertheless, the discretion of a sentencing judge is not unfettered; a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is inimicable [sic] to the concept of due process.

- 9 -

> Obviously, the probability of receiving accurate pre-sentence information is considerably enhanced when the defendant has an opportunity to review and dispute the facts and allegations available to the sentencing judge.

*Commonwealth v. Rhodes*, 990 A.2d 732, 746 (Pa. Super. 2009) (internal citations, quotations, and most original brackets omitted).

In this case, Appellant does not challenge the information provided in the SOAB report and merely contests the consideration of the entire SOAB assessment. We already determined that the trial court's reliance on an SOAB assessment was constitutionally permissible. Further, Appellant does not contest any facts set forth in the SOAB report and concedes that "[t]he author[s] of the [SOAB] report had the same information available to them as did the probation officer that did the pre-[s]entence [i]nvestigation [report]." *See* Appellant's Brief at 12. If the trial court had the same information available from another source, which Appellant does not contest, Appellant failed to show how the trial court relied upon impermissible information at sentencing. As such, Appellant failed to establish that the trial court's reliance upon the SOAB assessment was contrary to the norms of sentencing. For all of the foregoing reasons, we conclude that Appellant did not raise a substantial question and we will not review the merits of Appellant's discretionary sentencing claim.

In the fifth issue we review, Appellant challenges the standing of the Pennsylvania State Police (PSP) over SORNA reporting requirements, claiming that the trial court should instead "monitor" compliance. *See* Appellant's Brief at 20-22. He argues that it is a violation of his due process rights where

- 10 -

compliance with SORNA is vested in the PSP. *Id.* at 20. Appellant cites principally to *Commonwealth v. Harmon*, CP-51-CR-6706-2015 (First Judicial District Court of Common Pleas March 13, 2018)[7] and *Commonwealth v. Cheeseboro*, 91 A.3d 714 (Pa. Super. 2014) for these propositions.

*Cheeseboro* does not support Appellant's claim. In that case, the Philadelphia Court of Common Pleas accepted plea agreements between the Commonwealth and 73 defendants, wherein the Commonwealth agreed that the defendants were not required to register as sexual offenders under SORNA. The PSP appealed those decisions arguing "that the General Assembly unequivocally determined who must register as sexual offenders under SORNA and that neither the Commonwealth, defense counsel, nor the trial court have the ability to exempt or modify the mandatory terms of sexual offender registration pursuant to a plea agreement." *Cheeseboro*, 91 A.3d at 721. Ultimately, this Court concluded that the PSP lacked standing to challenge the trial court's decision not to apply SORNA reporting requirements because the PSP was not aggrieved by the exemptions. *Id.* at 722.

Relevant herein, however, the *Cheeseboro* Court noted:

_____

[7] *Harmon* is a trial court decision and, thus, is not binding upon this Court. *See Echeverria v. Holley*, 142 A.3d 29, 36 n.2 (Pa. Super. 2016). Moreover, while Appellant provides a citation to *Harmon*, we were unable to locate that decision and Appellant did not append it to his brief under Pa.R.A.P. 2111(b). Finally, while Appellant baldly claims that the issues in this case are similar to those in *Harmon*, Appellant fails to discuss *Harmon* or otherwise demonstrate similarities. As such, we will not consider that decision.

- 11 -

PSP was not expressly granted broad authority and discretionary powers under SORNA. Unlike the Uniform Firearms Act, 18 Pa.C.S.A. §§ 6101–6127, which provides PSP with a determinative role as to whether an applicant is prohibited from receiving or possessing a firearm, **PSP's role under SORNA may be viewed as more ministerial in nature than adjudicative**. *See*, *e.g.*, 42 Pa.C.S.A. §§ 9799.32(1)-(4), (6)-(9) (maintaining of sexual offender registry by PSP and gathering, recording, storing, updating, and sharing offender information); 42 Pa.C.S.A. §§ 9799.22 and 9799.32(5) (regarding limited enforcement duties of PSP in notifying authorities when an individual fails to comply with registration, penalty, or counseling provisions). Furthermore, it is not until after the underlying offenses have been litigated that PSP is notified that an individual is subject to the sexual offender registration requirements. *Cf.* 42 Pa.C.S.A. § 9799.13 (regarding applicability of registration with PSP requirements for individuals convicted/adjudicated delinquent of a sexually violent offense); *Commonwealth v. J.H.*, 759 A.2d 1269 (Pa. 2000) (holding that PSP was without standing to contest an order to expunge criminal record or the order compelling PSP to expunge the same under the Criminal History Record Information Act, 18 Pa.C.S.A. §§ 9101–9183, where PSP was not aggrieved by either, and notification to PSP was not required until after an expungement order was entered, such that standing was not derived from the statute); *Hunt v. Pennsylvania State Police*, 983 A.2d 627 (Pa. 2009) (holding that PSP lacks standing to challenge the underlying merits of an expungement order through preliminary objections raised in a mandamus action). Thus, SORNA does not appear to confer standing upon PSP.

*Id.* at 721–722 (emphasis added).

The *Cheeseboro* Court's analysis of the PSP's duties under SORNA provides guidance in this case. Therein, after examining the relevant statutory provisions pertaining to the administration of SORNA reporting requirements, a prior panel of this Court determined that the PSP's role is more ministerial in nature than adjudicative. The PSP merely administers SORNA's reporting requirements and does not adjudicate failures to comply. The Crimes Code

- 12 -

specifically delineates a criminal offense for failing to comply with registration requirements at 18 Pa.C.S.A. § 4915.1. It confers upon police the right to arrest a person without a warrant when the officer has probable cause to believe that an individual has committed a registration violation. 18 Pa.C.S.A. § 4915.1(e). However, the PSP does not adjudicate the claim; a trial court does. *See*, *e.g.*, *Commonwealth v. Hogentogler*, 53 A.3d 866 (Pa. Super. 2012). Thus, to the extent that Appellant argues that his due process rights are in jeopardy because of the PSP's involvement with SORNA's registration requirements, his claim fails.

In sum, there is no due process violation because the PSP's involvement in monitoring SORNA's registration requirements and there is no issue that Appellant is subject to those requirements. Based upon his convictions, he is required to register as a Tier-I offender. The PSP administers compliance with reporting obligations, but subsequent reporting offenses are adjudicated by the courts. Accordingly, for all of the foregoing reasons, we conclude that Appellant's reliance on *Harmon* and *Cheeseboro*[8] fails.

---

[8] Finally, we note that following the 2014 *Cheeseboro* decision, the Pennsylvania Legislature enacted 42 Pa.C.S.A. § 9799.42, effective June 12, 2018, which states:

> Except for petitions filed under section 9799.15(a.2) (relating to period of registration), the Pennsylvania State Police shall have standing to appear and contest a filing in a court of this Commonwealth which seeks to challenge in any way the obligation

Finally, in his last issue presented, Appellant claims that the trial court abused its discretion by applying SORNA requirements to him after his release from prison because "Pennsylvania's SORNA requirements are for Pennsylvania residents." Appellant's Brief at 25. Appellant claims he has never been a resident of Pennsylvania and intends to return to New Jersey. *Id.* Appellant's contention that he will not live in Pennsylvania is, however, entirely speculative and not justiciable presently. "Generally, our judicial system requires a real or actual controversy before it will embrace a matter for review and disposition." *Bayada Nurses, Inc. v. Com., Dept. of Labor and Industry*, 8 A.3d 866, 874 (Pa. 2010). This Court previously determined:

> The ripeness doctrine is [a] prerequisite for a court to exercise judicial review and examine the merits of a case. To be ripe, an actual case or controversy must exist at every stage of the judicial process. The rationale for the ripeness doctrine is to prevent premature adjudications.

*Treski v. Kemper Nat. Ins. Companies*, 674 A.2d 1106, 1113 (Pa. Super. 1996) (internal citations omitted); *see also Rivera v. Pennsylvania Dept. of Corrections*, 837 A.2d 525, 527 (Pa. Super. 2003) ("It is impermissible

---

of an individual required to register with the Pennsylvania State Police under this subchapter.

42 Pa.C.S.A. § 9799.42.

Although abrogated by statute on other grounds, *Cheeseboro*'s analysis of the PSP's role, which we have cited above, still remains valid.

for courts to render purely advisory opinions."). Here, Appellant's claim that he intends to move to New Jersey following his release from prison, thereby rendering Pennsylvania's registration requirements inapplicable to him, is simply not an issue that is currently ripe for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/19